Frances L. FAIRL, Individually, and on behalf of her minor son, Michael Lee Fairl, Deceased, Petitioner,

v.

SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.

No. 88–28V.

United States Claims Court.

Jan. 30, 1990.

Thomas S. Brandon, Jr., Fort Worth, Tex., for petitioner.

Michael P. Milmoe, Washington, D.C., with whom were Asst. Attys. Gen. Stuart M. Gerson, and John L. Euler, for respondent.

OPINION [1]

MARGOLIS, Judge.

This vaccine case comes before the court on the objections of petitioner, Frances L. Fairl, to the Report and Recommendation of Judgment filed by Special Master Denis J. Hauptly. The Report was filed on November 1, 1989, pursuant to § 300aa–12(c)(2)(E) of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa–1 *et seq.*, as amended, (1987) (Act or Vaccine Act).

The Special Master recommended that the court not award compensation under the Act. The Special Master based his recommendation against an award on his opinion that the testimony of Mrs. Fairl

---

1. This opinion may contain information that may not be disclosed to a nonparty. *See* 42 U.S.C. § 300aa–12(c) (1987). Accordingly, within fourteen (14) days of the date of filing this opinion, the parties shall designate any material subject to § 300aa–12(c) and such designated material will be deleted for public access. If on review of this opinion there are no objections filed within the fourteen (14) day period, then it shall be deemed that there is no material subject to § 300aa–12(c).

contained discrepancies bearing on her credibility as a witness. After a careful review of the entire record, and after hearing oral argument, this court finds that the discrepancies noted by the Special Master are insufficient to deny recovery. Therefore, the court does not accept the recommendation of the Special Master and finds that the petitioner has satisfied the elements for recovery of an award under the Act.

*The Statutory Requirements for Compensation*

The issue before the court is whether petitioner is entitled to compensation for the death of her son, Michael L. Fairl, under the provisions of the Vaccine Act. Section 300aa–13(a)(1) of the Vaccine Act provides that compensation shall be awarded to a petitioner if the court finds on the record as a whole—

(A) that the petitioner has demonstrated by a preponderance of the evidence the matters required in the petition by section 300aa–11(c)(1) of this title, and

(B) that there is not a preponderance of the evidence that the illness, disability, injury, condition, or death described in the petition is due to factors unrelated to the administration of the vaccine described in the petition.[2]

Statutory eligibility for the award is comprised of five elements listed in § 11(c)(1) of the Vaccine Act. The Special Master found that petitioner met four of those elements. First, Michael received a vaccine set forth in the Vaccine Injury Table (Diphtheria–Pertussis–Tetanus, hereafter DPT), on March 17, 1986. Second, Michael received the vaccine in the United States. Third, he died on March 19, 1986 at the age of six weeks, within three days of receipt of the vaccine. Fourth, the petitioner has had no prior award in relation to this case. However, the Special Master found that

the petitioner did not prove by a preponderance of the evidence that Michael suffered a reaction listed on the vaccine injury table and that there was a causal connection between the vaccination and Michael's death.

The medical testimony offered by Dr. Marcel Kinsbourne, who the Special Master found to be a qualified expert, was that "[m]y opinion is that at the level of reasonable medical certainty the death of Michael was a consequence of the pertussis vaccination." Report at 3. In his report, Dr. Kinsbourne wrote that it was his opinion, "to a reasonable degree of medical certainty, this up to that time healthy child [Michael Fairl] died of a DPT–induced encephalopathy." Tr. at 52, Ex. K. An encephalopathy is a Vaccine Table Injury. It has already been established that the child died within three days of the vaccine administration. Dr. Kinsbourne's uncontroverted testimony is that the child died of an encephalopathy, a table injury, and that both the injury and death were the result of the DPT vaccine.

Nonetheless, the Special Master questioned whether petitioner demonstrated by a preponderance of the evidence that Michael Fairl suffered an encephalopathy within three days of the administration of the DPT shot and died as a result thereof. The Special Master reasoned that the evidence on which petitioner sought to base her claim was tainted by discrepancies in her statements. The Special Master also gave little weight to the supporting testimony of the medical expert, Dr. Kinsbourne (who he found to be both credible and reliable), because that testimony relied upon the representations of Mrs. Fairl, who the Special Master found to be "substantially lacking in credibility." Report at 4.

The "discrepancy" which seemed to most trouble the Special Master was that Mrs.

---

2. In light of his finding that the petitioner failed to meet her burden of proof as to causation, the Special Master did not address the possibility of alternate causation in his Report. However, even though respondent withdrew his appearance before the hearing, the Special Master questioned both Mrs. Fairl and Dr. Marcel Kinsbourne extensively. During his examina-

tion of Dr. Kinsbourne, the Special Master inquired as to the possibility that Michael may have died of a cause other than the table injury. Tr. at 54–59. There is not a preponderance of evidence of alternate causation in the record. In fact, there is no evidence in the record to suggest that the injury was due to factors unrelated to the administration of the vaccine.

Fairl's first affidavit indicated that after the vaccination Michael had "high-pitched crying" and ran a significant fever. She testified at the hearing that the statement in the affidavit was incorrect, and that Michael went to sleep after the shot and never woke up again.

The attorney for the petitioner explained to the Special Master that the affidavit of another affiant in another vaccine case was evidently used as a model for petitioner's affidavit. Through an error in the preparation of Mrs. Fairl's original affidavit, the paragraph including the information about the other child's crying was inadvertently left in the Fairl affidavit. This court is persuaded that the attorney's representations as to this clerical error are true, and that Mrs. Fairl's testimony as to the child's condition following the vaccination was not inconsistent.

Furthermore, petitioner in her Objections to the Special Master's Report submitted the sworn affidavit of her sister, Carolyn Attaway. Respondent conceded at oral argument that this court may consider the affidavit submitted after the Special Master's hearing as part of a *de novo* review of the record. Ms. Attaway lived with petitioner at the time of the child's death and was in the house at that time. She stated that from the time Michael arrived home after the vaccination until he was found dead, he remained in an uninterrupted coma-like sleep. Ms. Attaway's statement about Michael's condition following the vaccination corroborates that of Mrs. Fairl. Therefore, to the extent that Dr. Kinsbourne's opinion was based on Mrs. Fairl's representations about Michael's condition after the vaccination, that opinion is entitled to substantial weight.

A second discrepancy noted by the Special Master is that Mrs. Fairl at various times gave different dates in answering when Michael received the vaccination and when he died. However, undisputed medical records show that the vaccination was administered on March 17, 1986, and that the child died on March 19, 1986. Whether or not Mrs. Fairl correctly remembered these traumatic dates is not relevant to the disposition of this case. Documented records show that the child died within three days of the administration of the vaccine. Satisfaction of this statutory element does not depend on the credibility of either Mrs. Fairl's or Dr. Kinsbourne's testimony.

The other minor discrepancies that troubled the Special Master—whether or not the child had his diaper changed, or whether he died in his bed or in Mrs. Fairl's bed—are similarly unrelated to the statutory elements which petitioner must prove in order to recover. After reviewing the record, the court finds that Mrs. Fairl's statements regarding these matters do not rise to the level of discrepancies, but even if they do, the court finds them to be insignificant.

■ In summary, the court does not find that the minor variations in Mrs. Fairl's testimony outweigh the evidence in the record which indicates that Michael Fairl sustained a table injury and died within three days as a result of the administration of the DPT vaccine. These findings, coupled with those of the Special Master that Michael Fairl received a DPT vaccination, in the United States, and that petitioner has not recovered any prior award or settlement on his behalf, lead the court to hold that petitioner is entitled to a statutory award of $250,000 for the death of her infant son, Michael Lee Fairl.

*Legal Representative of the Estate*

■ The Special Master made no finding as to whether or not petitioner has the capacity to sue under the Vaccine Act as the sole legal representative of Michael's estate. In his Report, the Special Master indicated that he was "troubled" because the handwritten statement by Mrs. Fairl's ex-husband, James Fairl, "while not fatally flawed [was] somewhat lacking in reliability." Report at 6, n. 4., Ex. B. This court finds the signed, notarized statement of Mr. Fairl, relinquishing any claim to a recovery on behalf of Michael's estate, to be legally sufficient. Counsel for the petitioner has indicated to this court that decedent had no legal heirs other than Mr. and Mrs.

Fairl. Therefore, Mrs. Fairl is the sole legal representative of the estate of Michael Lee Fairl, and is entitled to receive the compensation awarded herein.

*Attorneys' Fees*

■ The Special Master found the hourly rates claimed by petitioner for attorneys' and paralegal services to be reasonable. However, he recommended against award of the attorneys' fees and costs incurred in the prior civil action because, in light of his recommendation against award, the petitioner could continue to pursue her action in state court. However, this court does not accept the Special Master's recommendation and finds the petitioner is entitled to recover an award. By accepting the judgment of this court, she will not be able to pursue her action in state court.

It is within the court's discretion to award attorneys' fees associated with a prior civil action. § 300aa–15(e)(2). *See Steven Michael Robert Bevis v. Secretary of the Department of Health and Human Services,* No. 88–45V, Order at 4 (Cl.Ct. December 11, 1989). Fees and costs incurred in pursuit of this action and the prior civil action together total more than $45,000; however, the court is limited by the statutory cap of $30,000 for attorneys' fees and costs. *Mikulich v. Secretary of the Department of Health and Human Services,* 18 Cl.Ct. 253, 254 (1989). Therefore, the court finds that petitioner is entitled to $25,205.06 in attorneys' fees and $4,794.94 in costs.

### CONCLUSION

Petitioner is entitled to a statutory award of $250,000. Petitioner is further entitled to attorneys' fees of $25,205.06 and costs of $4,794.94. Accordingly, the Clerk shall enter judgment for the petitioner in the amount of $280,000. No other costs are to be awarded. Attorneys' fees and costs shall be paid in full as part of the first installment payment.